Exhibit G

DOCUMENT 77

| | | |
|---|---|---|
| IN THE MATTER OF | ) | PROBATE COURT |
| THE ESTATE OF | ) | MONROE COUNTY, ALABAMA |
| NELLE HARPER LEE, | ) | |
| DECEASED | ) | CASE NO. 3572 |

## PETITION OF TONJA B. CARTER
## FOR THE PROBATE OF THE WILL OF
## NELLE HARPER LEE, DECEASED,
## AND FOR THE ISSUANCE OF
## LETTERS TESTAMENTARY WITHOUT BOND

TO THE HONORABLE GREG NORRIS, JUDGE OF PROBATE, MONROE COUNTY, ALABAMA:

Comes now your petitioner, the undersigned Tonja B. Carter, and respectfully represents unto this Honorable Court as follows:

1.   Nelle Harper Lee (the "Decedent"), who at the time of her death was an inhabitant of Monroe County, Alabama, died in Monroeville, Alabama on February 19, 2016, leaving assets in the State of Alabama and in the County of Monroe, and leaving a will dated February 11, 2016 (the "Will"), duly signed by the Decedent and attested by Paul B. Fields and Cynthia McMillan, witnesses.  The Will was made self-proved by acknowledgment by the testator and affidavits of the witnesses, each made before a notary public as evidenced by said notary public's certificate, under official seal, pursuant to Section 43-8-132 of the Code of Alabama (1975), as amended.  The Decedent was over eighteen years of age when she executed the Will.

2.   Your petitioner delivers the Will to, and files the Will with, this Court and prays that, after proper proceedings and proofs, it may be probated and admitted to record as the Will of the Decedent.

3.   In Section 5.1 of Article 5 of the Will, the Decedent appointed Tonja B. Carter (your petitioner), as the personal representative of the Will.

4.   Section 8.3 of Article 8 of the Will contains an express provision exempting your petitioner from giving any bond, or filing any inventory with this Court, as personal representative of the Will.  Your petitioner is over nineteen years of age and is in no respect disqualified under the law from serving as personal representative of the Will.

1

5.    The addresses of the aforesaid witnesses to the Will are:

Paul B. Fields
3815 Interstate Court
Montgomery, AL 36109

Cynthia McMillan
459 Burson Road
Frisco City, AL 36445

6.    The names, relationships and present addresses of the heirs and next of kin of the Decedent are as follows:

Herschel Henry Conner III, nephew
5153 SW 103rd Way
Gainesville, FL 32608

Edwin Lee Conner, nephew
627 Taylor Avenue
Frankfort, KY 40601

Mary McCall Lee, niece
106 Asheton Lane
Auburn, AL 36830

Edwin Coleman Lee, Jr., nephew
39 Lynda Lane
Monroeville, AL 36460

All of the above named next of kin are nineteen years of age or older, and all are of sound mind.

Your petitioner therefore prays that this Honorable Court will take jurisdiction of this petition, that said Will be probated and admitted to record as the true Will of the Decedent and that this Honorable Court will cause all such notices or citations to issue to the Decedent's heirs at law and next of kin (whether to be served by personal service or by publication or by other lawful means) as may be proper in the premises and cause all such proceedings to be had and done and such proof to be taken and render all necessary orders and decrees in the premises as will duly and legally effect the probate and record in this Honorable Court of the Will of the Decedent. Your petitioner also prays that this Honorable Court will grant letters testamentary to her as personal representative of the Will, without entering into bond, as is provided in and by the terms of the Will, and that all such orders and decisions be made by this Honorable Court as it may deem necessary and proper.

2

_Tonja B. Carter_
Tonja B. Carter

## VERIFICATION

STATE OF ALABAMA            )
                                              :
COUNTY OF MONROE        )

       Before me, a Notary Public in and for said county in said state, personally appeared Tonja B. Carter, who, being by me first duly sworn, makes oath that she has read the foregoing petition and is informed and believes and, upon the basis of such information and belief, avers that the facts alleged therein are true and correct.

_Tonja B. Carter_
Tonja B. Carter

Subscribed and sworn to before me this the 21ˢᵗ day of _February_, 2016.

_Jun E. Cl_
Notary Public

[NOTARIAL SEAL]

My Commission expires 

SCOTT E. ADAMS
My Commission Expires
November 5, 2018

Attorneys for Petitioner:
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8000

3

1/3944755.1

DOCUMENT 77

| | | |
|---|---|---|
| IN THE MATTER OF | ) | **PROBATE COURT** |
| THE ESTATE OF | ) | **MONROE COUNTY, ALABAMA** |
| NELLE HARPER LEE, | ) | |
| DECEASED | ) | CASE NO. _3572_ |

### WAIVER OF NOTICE FOR THE PROBATE
### OF THE WILL OF NELLE HARPER LEE, DECEASED,
### AND CONSENT FOR THE ISSUANCE OF
### LETTERS TESTAMENTARY WITHOUT BOND

   I, Herschel Henry Conner III, being over the age of nineteen years, being of sound mind and being a nephew of Nelle Harper Lee, deceased, hereby accept service of notice of the filing of the petition for probate of the will of Nelle Harper Lee, deceased, and for the issuance of letters testamentary without bond; hereby waive all other and further notice thereof, either by publication, personal service or otherwise; and do hereby enter my appearance in Court on the day set for hearing said matter and on any date to which the same may be continued. I hereby consent to and agree that the will of Nelle Harper Lee, deceased, be admitted to probate and that a decree approving the petition to probate the will of Nelle Harper Lee and the appointment of Tonja B. Carter, as personal representative, without bond, be entered by the Court.

   Dated this **21** day of **FEBRUARY** , 2016.

            _H.H. Conner III_
             Herschel Henry Conner III

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | : |
| COUNTY OF MONROE | ) |

   I, the undersigned, hereby certify that Herschel Henry Conner III, whose name is signed to the foregoing Waiver and Consent, and who is known to me, acknowledged before me on this day that, being informed of the contents of the Waiver and Consent, he executed the same voluntarily on the day the same bears date.

_February_     Given under my hand and seal of office this **21ST** day of _____ , 2016.

            _Scott E. Adams_
            Notary Public

[NOTARIAL SEAL]        My Commission expires

> SCOTT E. ADAMS
> My Commission Expires
> November 5, 2018

1/3944756.1

DOCUMENT 77

| IN THE MATTER OF | ) | PROBATE COURT |
|---|---|---|
| THE ESTATE OF | ) | MONROE COUNTY, ALABAMA |
| NELLE HARPER LEE, | ) | |
| DECEASED | ) | CASE NO. 3572 |

### WAIVER OF NOTICE FOR THE PROBATE
### OF THE WILL OF NELLE HARPER LEE, DECEASED,
### AND CONSENT FOR THE ISSUANCE OF
### LETTERS TESTAMENTARY WITHOUT BOND

      I, Edwin Lee Conner, being over the age of nineteen years, being of sound mind and being a nephew of Nelle Harper Lee, deceased, hereby accept service of notice of the filing of the petition for probate of the will of Nelle Harper Lee, deceased, and for the issuance of letters testamentary without bond; hereby waive all other and further notice thereof, either by publication, personal service or otherwise; and do hereby enter my appearance in Court on the day set for hearing said matter and on any date to which the same may be continued. I hereby consent to and agree that the will of Nelle Harper Lee, deceased, be admitted to probate and that a decree approving the petition to probate the will of Nelle Harper Lee and the appointment of Tonja B. Carter, as personal representative, without bond, be entered by the Court.

      Dated this 21st day of February, 2016.

_____
Edwin Lee Conner

| STATE OF ALABAMA | ) |
|---|---|
| | : |
| COUNTY OF MONROE | ) |

      I, the undersigned, hereby certify that Edwin Lee Conner, whose name is signed to the foregoing Waiver and Consent, and who is known to me, acknowledged before me on this day that, being informed of the contents of the Waiver and Consent, he executed the same voluntarily on the day the same bears date.

      Given under my hand and seal of office this 21st day of February, 2016.

_____
Notary Public

[NOTARIAL SEAL]

My Commission exp[...]

SCOTT E. ADAMS
My Commission Expires
November 5, 2016

1/3944756.1

FILED - 02/29/2016 05:10:37 PM
GREG NORRIS, Judge of Probate, Monroe County, AL

DOCUMENT 77

| | | |
|---|---|---|
| IN THE MATTER OF | ) | **PROBATE COURT** |
| THE ESTATE OF | ) | **MONROE COUNTY, ALABAMA** |
| NELLE HARPER LEE, | ) | |
| DECEASED | ) | CASE NO. _3572_ |

### WAIVER OF NOTICE FOR THE PROBATE
### OF THE WILL OF NELLE HARPER LEE, DECEASED,
### AND CONSENT FOR THE ISSUANCE OF
### LETTERS TESTAMENTARY WITHOUT BOND

       I, Mary McCall Lee, being over the age of nineteen years, being of sound mind and being a niece of Nelle Harper Lee, deceased, hereby accept service of notice of the filing of the petition for probate of the will of Nelle Harper Lee, deceased, and for the issuance of letters testamentary without bond; hereby waive all other and further notice thereof, either by publication, personal service or otherwise; and do hereby enter my appearance in Court on the day set for hearing said matter and on any date to which the same may be continued. I hereby consent to and agree that the will of Nelle Harper Lee, deceased, be admitted to probate and that a decree approving the petition to probate the will of Nelle Harper Lee and the appointment of Tonja B. Carter, as personal representative, without bond, be entered by the Court.

       Dated this 21st day of _February_, 2016.

_Mary M. Call Lee_
Mary McCall Lee

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | : |
| COUNTY OF MONROE | ) |

       I, the undersigned, hereby certify that Mary McCall Lee, whose name is signed to the foregoing Waiver and Consent, and who is known to me, acknowledged before me on this day that, being informed of the contents of the Waiver and Consent, she executed the same voluntarily on the day the same bears date.

       Given under my hand and seal of office this 21st day of _February_, 2016.

_Scott E. Adams_
Notary Public

[NOTARIAL SEAL]

My Commission expires:

SCOTT E. ADAMS
My Commission Expires
November 5, 2018

1/3944756.1

| | | |
|---|---|---|
| IN THE MATTER OF | ) | PROBATE COURT |
| THE ESTATE OF | ) | MONROE COUNTY, ALABAMA |
| NELLE HARPER LEE, | ) | |
| DECEASED | ) | CASE NO. _3572_ |

### WAIVER OF NOTICE FOR THE PROBATE
### OF THE WILL OF NELLE HARPER LEE, DECEASED,
### AND CONSENT FOR THE ISSUANCE OF
### LETTERS TESTAMENTARY WITHOUT BOND

I, Edwin Coleman Lee, Jr., being over the age of nineteen years, being of sound mind and being a nephew of Nelle Harper Lee, deceased, hereby accept service of notice of the filing of the petition for probate of the will of Nelle Harper Lee, deceased, and for the issuance of letters testamentary without bond; hereby waive all other and further notice thereof, either by publication, personal service or otherwise; and do hereby enter my appearance in Court on the day set for hearing said matter and on any date to which the same may be continued. I hereby consent to and agree that the will of Nelle Harper Lee, deceased, be admitted to probate and that a decree approving the petition to probate the will of Nelle Harper Lee and the appointment of Tonja B. Carter, as personal representative, without bond, be entered by the Court.

Dated this 21st day of _February_, 2016.

_____
Edwin Coleman Lee, Jr.

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | : |
| COUNTY OF MONROE | ) |

I, the undersigned, hereby certify that Edwin Coleman Lee, Jr., whose name is signed to the foregoing Waiver and Consent, and who is known to me, acknowledged before me on this day that, being informed of the contents of the Waiver and Consent, he executed the same voluntarily on the day the same bears date.

Given under my hand and seal of office this 21st day of _February_, 2016.

_____
Notary Public

[NOTARIAL SEAL]                    My Commission expires

SCOTT E. ADAMS
My Commission Expires
November 5, 2016

FILED : 02/29/2016 05:10:49 PM
GREG NORRIS, Judge of Probate, Monroe County, AL

DOCUMENT 77

# WILL
# OF
# NELLE HARPER LEE

   I, Nelle Harper Lee, domiciled in Monroe County, Alabama, being eighteen years of age or older, hereby make, publish and declare this to be my will and hereby revoke all prior wills and codicils.

## ARTICLE 1
### Probate Estate

   In this will, the term "my probate estate" means all property, real and personal and wheresoever situated, that I own at my death or to which I or my estate or any personal representative of mine may be or become entitled, and I intend to dispose of all thereof by this will. However, the term "my probate estate" shall not include (i) any assets which provide for a beneficiary designation (e.g., IRA's and insurance policy proceeds) and name beneficiaries other than my estate or my personal representative, or (ii) any assets that are owned jointly with right of survivorship between me and another person who survives me. Also, I do not by this will exercise any power of appointment of which I may be or become the donee; accordingly, the term "my probate estate" shall not include any property that may be subject to any such power of appointment.

## ARTICLE 2
### Payment of Debts, Administrative Expenses and Taxes

Section 2.1 - I direct my personal representative to pay the following items out of my probate estate: (1) the expenses of my last illness; (2) my funeral and burial expenses, including the costs of any grave marker or tombstone; (3) the expenses of administering my estate, including the reasonable expenses of safekeeping and delivery of estate property; (4) my debts, except such debts of mine secured by pledge, mortgage or other security interest not by their terms due at my death that my personal representative may deem unnecessary or undesirable to pay; and (5) the amounts of all written pledges of mine for religious, charitable, scientific, literary or educational purposes, whether or not the same shall constitute debts, that are current but unpaid at my death, and, accordingly, I give the respective amounts of such pledges, free of any Death Taxes described in this article, to those persons, organizations and entities to whom those pledges shall at my death purport to be payable, and I empower my personal representative to determine what shall constitute a "pledge" and a "religious, charitable, scientific, literary or educational" purpose, and what is "current" as those quoted terms are used in this article.

1

## Section 2.2

(A)    Subject to paragraph (E) of this section, I direct that all transfer, estate, inheritance, succession and other death taxes (exclusive of any tax imposed on a direct skip under Chapter 13 of the Internal Revenue Code) and any interest and penalties thereon (collectively "Death Taxes"), payable by reason of my death with respect to property passing under this will or the 2011 Mockingbird Trust shall be paid as an administration expense out of my residuary estate (as defined in Article 4), and if the assets in my residuary estate are inadequate, then such Death Taxes shall be paid from the assets of the 2011 Mockingbird Trust. Except as otherwise specifically provided hereinafter, for all purposes of this will, the "2011 Mockingbird Trust" shall mean the Trust created under that certain Indenture of Trust dated April 11, 2011 entered into between me, as Grantor, and me, Tonja B. Carter and Samuel L. Pinkus, as Trustees, (i) as such Trust has been amended, revised and/or restated from time to time prior to the execution of this will, and (ii) as such Trust may be amended, revised and/or restated by me from time to time concurrently with or after the execution of this will. In this regard, immediately prior to the execution of this will, I have also executed a Second Amended and Restated Indenture of Trust, which amends and restates the 2011 Mockingbird Trust in its entirety. Accordingly, it is my intention (and I direct) at the time of the execution of this will for the terms set forth in such Second Amended and Restated Indenture of Trust to constitute the terms of the 2011 Mockingbird Trust.

(B)    Subject to paragraph (E) of this section, I direct that all Death Taxes resulting from the inclusion in my gross estate of gift taxes with respect to gifts made by me within three years of my death shall be paid as an administration expense out of my residuary estate, and if the assets in my residuary estate are inadequate, then such Death Taxes shall be paid from the assets of the 2011 Mockingbird Trust.

(C)    I direct that all Death Taxes payable by reason of my death with respect to any property passing under a qualified retirement plan of any type or an individual retirement account (each referred to as a "Retirement Plan Account") shall be apportioned against and paid by the persons or entities in possession of such property or benefitted thereby, in an amount equal to the amount by which the Death Taxes payable by reason of my death are increased as a result of the inclusion of such other property in my gross estate for federal estate tax purposes.

(D)    I direct that all Death Taxes payable by reason of my death with respect to all property other than that described in paragraphs (A), (B) and (C), including any tax imposed on a direct skip under Chapter 13 of the Internal Revenue Code, shall be apportioned against and paid by the persons or entities in possession of such property or benefitted thereby, in an amount equal to the amount by which the Death Taxes payable by reason of my death are increased as a result of the inclusion of such other property in my gross estate for federal estate tax purposes; provided, however, that if payment of Death Taxes from such property is directed by any instrument governing such property or by operation of law, then the amount apportioned against such persons or entities shall only be the difference, if any, between the amount determined above and the amount paid as directed by such governing instrument or by operation of law.

2

(E)     I direct that all Death Taxes which shall be paid out of my residuary estate or from the assets of the 2011 Mockingbird Trust pursuant to this section shall first be paid out of the assets of my residuary estate or the 2011 Mockingbird Trust which do not consist of Literary Property (as defined in Section 6.2), to the extent practicable as determined in the discretion of my personal representative.  In this regard, I direct that if the assets of my residuary estate which do not consist of Literary Property are inadequate to pay such Death Taxes, then the assets of the 2011 Mockingbird Trust which do not consist of Literary Property shall next be used to pay such Death Taxes (to the extent practicable as determined in the discretion of my personal representative), before any Literary Property which is part of my residuary estate or the 2011 Mockingbird Trust is used to pay Death Taxes.  For purposes of this section, any proceeds received from Literary Property (including without limitation upon the sale of any Literary Property) by my personal representative shall not be deemed to be Literary Property, the effect of which is that Death Taxes may be paid out of the proceeds received from Literary Property pursuant to the provisions of this section.

Section 2.3 - I direct that any income taxes imposed upon or chargeable to the income of my estate shall be apportioned to and deducted from the shares of all beneficiaries (exclusive of any charitable beneficiary) having an interest in such income, in such equitable manner as my personal representative may determine; and any such determination by my personal representative shall be conclusive and binding as to all persons or entities interested in my estate.

## ARTICLE 3
### Additional Funds

If my probate estate or my residuary estate, as the case may be, shall not be adequate to provide for the payment of the expenses, debts, taxes and other items to be paid from my probate estate or my residuary estate as provided in any provision of Article 2, my personal representative shall provide a written notarized statement of the funds needed to make such payments to the Trustee of the 2011 Mockingbird Trust.  Upon delivery of such statement, my personal representative shall be entitled to receive, as promptly as possible, funds from the 2011 Mockingbird Trust to provide for such payments.

## ARTICLE 4
### Gift of Residuary Estate

So much of my probate estate as shall remain after the satisfaction of the preceding articles of this will, including any lapsed bequests and devises hereinbefore made, shall constitute my "residuary estate," from which Death Taxes, if any, shall be paid as provided in Section 2.2.  Effective at my death, I give and devise my residuary estate remaining after payment of such Death Taxes to the Trustee of the 2011 Mockingbird Trust, to be held,

3

DOCUMENT 77

administered and distributed in accordance with the provisions of such Trust. If, for any reason, such gift of my residuary estate shall be ineffective, then I give and devise my residuary estate to be held in a testamentary trust in accordance with the terms, conditions, and fiduciary powers set forth in that document titled "Second Amended and Restated Indenture of Trust" executed by me on the same date on which I execute this will (which document is described in Section 2.2(A)), and I appoint the individual then-serving as my personal representative as the trustee of such testamentary trust.

## ARTICLE 5
### Appointment of Personal Representative

Section 5.1 - I appoint Tonja B. Carter ("Tonja Carter") as personal representative of this will. If Tonja Carter shall not survive me or shall become incapable or shall fail for any reason to act as personal representative, then I appoint my nephew, Henry Herschel Conner III ("my nephew Hank"), as personal representative of this will. If both Tonja Carter and my nephew Hank shall not survive me or shall become incapable or shall fail for any reason to act as personal representative, I appoint my nephew, Edwin Lee Conner, as personal representative of this will.

Section 5.2 - Except as otherwise specifically provided in this will, references in any other article of this will to "my personal representative" shall be deemed to designate all parties, whether one or more, from time to time in fact qualified and acting as a personal representative of this will. In addition, any reference to "executor" in the Code of Alabama shall be deemed to refer to my personal representative.

Section 5.3 - The incapacity of an individual to serve as a personal representative hereunder may be determined by the attending physician of such individual, and such determination of incapacity shall be evidenced by a written statement from such attending physician indicating that such individual does not have the mental or physical capacity to serve as a personal representative under this will.

## ARTICLE 6
### Reliance upon Literary Agent of the 2011 Mockingbird Trust
### with respect to Literary Property

Section 6.1 - My personal representative may rely and take action upon the advice of the Literary Agent, if one exists, of the 2011 Mockingbird Trust with respect to any Literary Property which constitutes part of my probate estate. In this regard, I have provided in the 2011 Mockingbird Trust that the Trustee of the 2011 Mockingbird Trust may rely and take action upon the advice and directions of the Literary Agent with respect to the Literary Property of the 2011

4

DOCUMENT 77

Mockingbird Trust, and may delegate to such Literary Agent the right and power to manage and otherwise deal with Literary Property that is owned or held by the 2011 Mockingbird Trust, or to which the 2011 Mockingbird Trust is otherwise entitled. With respect to any action concerning Literary Property which is taken by my personal representative in reliance upon the advice of the Literary Agent and which does not constitute gross negligence, willful neglect or self-dealing on the part of my personal representative, I direct that my personal representative (who is not also the Literary Agent) shall not be liable to any interested person under this will or the 2011 Mockingbird Trust for or by reason of any such action so taken.

Section 6.2 - For purposes of this will, the term "Literary Property" shall refer to and include the following, whether owned by or held in my probate estate directly or indirectly (e.g., if Literary Property is held in a limited liability company, which in turn is owned by my probate estate): all rights, title and interests in and to the novels, *To Kill a Mockingbird* and *Go Set a Watchman*, and any and all other literary works and properties of any kind and nature written and created by me, whether alone or in collaboration with others, including without limitation, all copyrights therein (and any and all renewals and extensions thereof), all rights and proceeds under contract for the publication, performance or other exploitation thereof, including royalty rights, and all other rights and causes of action of any kind or nature at any time existing in connection therewith, or which may arise or accrue therefrom, whether such literary works or properties shall be finished or unfinished, or published or unpublished, at the time of my death, including the rights to secure, extend or renew any copyrights therein and the right to exercise all rights with respect to the copyrights of any literary works or properties. The foregoing shall include, without limitation, the rights to publish or otherwise exploit the physical property as well as literary works and properties. For all purposes of this will, I direct that my personal representative shall use a broad definition of "Literary Property" when determining what shall constitute "Literary Property."

### ARTICLE 7
#### Powers of Personal Representative

In the course of the administration of my probate estate, I declare that my personal representative shall have and may exercise, publicly or privately, personally or by attorney or agent, without prior approval, consent or order of any court and, unless otherwise explicitly provided in this will, without previous or other notice to or consent by anyone, each and all of the following powers, discretions and immunities in addition to any other powers, discretions and immunities that may be conferred upon my personal representative by law or otherwise, all of which shall be broadly construed:

(1)     To receive from any source, retain, acquire, make, sell or dispose of investments in any property of any kind, nature, character or description, whether real, personal or mixed and wheresoever situated, whether domestic, foreign or alien, and whether or not any of the same may be deemed permissible for personal representatives under the constitution or laws

FILED - 02/29/2016 05:11:46 PM GREG NORRIS, Judge of Probate, Monroe County, AL

of any state or the United States, under the rules of any court or under any rule of policy anywhere, specifically including, but without limitation thereto, investments in any limited partnerships or other pass-through taxable entities, investments in regulated investment companies or other mutual funds, investments in hedge funds and similar types of investments, interests in any common trust fund maintained by any entity serving as personal representative, and investments in any stock or other securities of any entity serving as personal representative or of any holding company or other company owning stock in any entity serving as personal representative or otherwise directly or indirectly affiliated therewith, provided, however, that no new investment shall be made voluntarily in any stock or other securities of an entity serving as personal representative or of any affiliate thereof except by the exercise by my personal representative of rights received by it as personal representative of stock or securities forming a part of the probate estate under this will;

(2)     To invest in the securities of new ventures, commodities, gold, silver and other precious metals, foreign securities, foreign currencies, oil, gas, mineral, timber and other interests in natural resources, futures contracts, spot contracts, puts, calls, straddles, short and long contracts, any form of option agreements, repurchase agreements, financial agreements of any nature whatsoever, and to engage in any form of investment or investment strategy whatsoever;

(3)     To acquire or dispose of any asset of my probate estate, including real property in Alabama, another state or any other jurisdiction, for cash or on credit, at public or private sale; and manage, develop, improve, exchange, partition, change the character of, or abandon any asset of my probate estate;

(4)     To copyright, renew or otherwise take action regarding any copyrightable work in the name of my probate estate (or in such other name on behalf of or for the benefit of me or my probate estate), including any work which is part of my Literary Property, (ii) to exploit in any manner any such copyright, for the benefit of my probate estate, and (iii) to authorize the use of such part or all of any copyrightable work, or any rights arising by reason of any copyright, in any manner for the benefit of my probate estate;

(5)     To retain, make, hold or dispose of investments and reinvestments without regard to any actual or potential lack of diversification of such investments;

(6)     To hold any or all stock, securities, or other paper whatever in bearer form; or to hold any or all such stock, securities, interests of ownership or other paper or any or all personal or real property in the name of any personal representative of mine or in the name of some other person, organization or entity, all without disclosing any fiduciary relationship;

(7)     To lease, as lessor or lessee, with or without options to purchase, renew or otherwise, grant easements over, make any agreements or contracts whatever with respect to, grant options upon, sell, exchange or in any other way dispose of, convey or transfer, all or any part or asset of my probate estate for such consideration, on such terms and conditions, and for

6

DOCUMENT 77

such period(s) of time (even though such period(s) may or does or do extend beyond the administration of my estate) as my personal representative may deem desirable;

(8)     To convert any property, whether real, personal, or mixed in any ratio, into any other property, whether real, personal, or mixed in any ratio;

(9)     To manage, operate and administer all real property and interests therein; to make repairs or alterations (ordinary or extraordinary), to erect, maintain, replace, tear down, demolish, and raze, any improvements, buildings or other structures placed or to be placed on any such real property;

(10)     To subdivide, develop, or dedicate land to public use, make or obtain the vacation of plats and adjust boundaries; to adjust differences in valuation on exchange or partition by giving or receiving considerations; and to dedicate easements to public use without consideration;

(11)     To drill, explore, test, mine or otherwise exploit oil, gas or other minerals or natural resources; to enter into leases and arrangements for exploration and removal of oil, gas or other minerals or natural resources; and to enter into pooling and utilization agreements;

(12)     To conduct environmental assessments, audits, and site monitoring to determine compliance with any environmental law or regulation thereunder, to take all appropriate remedial action to contain, clean up, or remove any environmental hazard, either on my personal representative's own accord or in response to an actual or threatened violation of any environmental law or regulation; to institute legal proceedings concerning environmental hazards or contest or settle legal proceedings brought by any governmental agency concerned with environmental compliance or by a private party; to comply with any order of a governmental agency or court directing an assessment, abatement, or cleanup of environmental hazards; and to employ agents, consultants and legal counsel to assist and perform the above-described actions;

(13)     To engage in, continue, dispose of or terminate any business, including farming and timbering, as a partner (general or limited), member, manager, sole proprietor, or any other capacity;

(14)     To organize or join with others in organizing or in forming any business organization or entity for any business, property (including Literary Property) or assets of mine, to contribute any property (including Literary Property) or assets of mine to such business entity or organization in exchange for an ownership interest in such entity or organization, and to make changes from time to time, by organization, incorporation, agreement, sale, exchange, reorganization or dissolution of any character, in the style or form of the ownership or the conduct of any business entity or venture. At the time of the execution of this will, it is my expectation that I will transfer a significant part (if not all) of my Literary Property to a limited liability company ("LLC") of which the 2011 Mockingbird Trust is the sole owner, and for the 2011 Mockingbird Trust to enter into a limited liability company agreement which governs the

7

FILED - 02/29/2016 05:12:14 PM GREG NORRIS, Judge of Probate, Monroe County, AL

DOCUMENT 77

activities and affairs of such LLC and its business. In the event that any Literary Property is part of my probate estate, then I specifically authorize my personal representative to do the following acts after my death during the administration of my probate estate, prior to the distribution of my probate estate: (i) to create an LLC of which my probate estate is the sole owner; (ii) to contribute any part (or all) of my Literary Property to such LLC (or another existing LLC) in exchange for a 100% ownership interest in such LLC; (iii) to enter into a limited liability company agreement which governs the activities and affairs of such LLC and its business (and which limited liability company agreement may provide that such LLC will only be dissolved by unanimous consent (or another percentage vote) of its members and/or will be either member-managed or manager-managed, and if manager-managed, that any manager(s) will only be removed by unanimous consent (or another percentage vote) of the members of the LLC);

(15) To manage, and in person or by general or limited proxy with or without full power of substitution to vote, all stock, securities and rights and interests evidenced by any other type of paper in any public or private corporation, partnership, trust or any other entity or organization, in respect of all matters ordinary and extraordinary, including without limitation: the borrowing of money; the issuance or retirement of any of such stock, securities, interests of ownership, and other paper; the sale, exchange or other disposition of some or all assets; conversion; consolidation; merger; recapitalization; liquidation; dissolution; any other transaction or reorganization of any character whatever, whether or not in bankruptcy; and to retain any or all property received as a consequence thereof, without limitation as to time;

(16) From time to time but within a time permitted by law, to assign and transfer to a voting trustee or trustees, who may be or include any personal representative of mine, any or all stock in any public or private corporation; to select the voting trustee or trustees; and to propose, negotiate, fix, consent to or change the voting trustee or trustees, the terms, and any or all conditions and provisions subject to which any such stock shall be held by the voting trustee or trustees;

(17) To oppose, propose, become a party to, participate fully, partly or not at all in or carry out any transaction or any formal or informal plan of reorganization of any character whatever affecting any public or private corporation or other business entity or organization, any of whose stock, securities, interests of ownership, or other paper or any interest may be included in my probate estate, and to retain, without limitation as to time, any or all securities or other property that may be received in pursuance of any such action or plan of reorganization;

(18) To borrow, lend or advance money with or without security; and on any terms whatever to give or obtain security therefor by mortgage, pledge, security interest or any other means; and to sell, mortgage, or lease any real or personal property of my probate estate or any interest therein for cash, credit, or for part cash and part credit, and with or without security for any unpaid balance;

8

(19)     On changed or unchanged terms, to renew or extend loans or any other indebtedness, however evidenced, at any time owing by or to me, any personal representative of mine in such capacity, or my probate estate;

(20)     To compromise, settle, adjust or submit to arbitration any matter of dispute;

(21)     To institute, prosecute, defend, become a party to and participate in, any formal or informal actions, suits or proceedings, whether at law, in equity, or merely administrative;

(22)     To make all tax elections, and to make all determinations related to any such election without regard to any duty of impartiality as between different beneficiaries of my probate estate or the 2011 Mockingbird Trust;

(23)     To keep my probate estate insured against casualty; and to insure the owners or users thereof or those beneficially interested therein against loss or damage with reference to the same;

(24)     To effectuate the removal from Alabama of any part or all of my probate estate and to effectuate the relocation thereof at any place whatever;

(25)     To delegate investment discretion with respect to any part or all of my probate estate to a third party;

(26)     To establish and change trust-accounting years and to establish, maintain or change the accounts, the bookkeeping and accounting systems and the periods of time with respect to which the records of my estate are maintained and taxes, income, gains and losses, and capital changes are determined;

(27)     To allocate receipts and disbursements between income and principal in a manner consistent with applicable state law, including the power to adjust between income and principal as provided in, and subject to the limitations of, the provisions of Section 19-3A-104 of the Code of Alabama of 1975, as the same may be amended from time to time;

(28)     To make distributions, including both pro rata and non-pro rata distributions, in cash or in specific property, real or personal, or an undivided interest therein, or partly in cash and partly in such property, to any beneficiaries under this will, and to do so, without regard to the income tax basis of specific property allocated to any beneficiary, without the consent of any beneficiary, and, as set forth above, without securing from any court any prior approval or other determination as to any such property to be distributed; and

(29)     To pay compensation to any personal representative of mine, unless otherwise specifically provided in this will; provided, however, any personal representative of mine agrees that no termination, severance, distribution or similar fees shall be payable to such

FILED - 02/29/2016 05:12:45 PM
GREG NORRIS, Judge of Probate, Monroe County, AL

personal representative upon any distribution of assets from my probate estate or in the event such personal representative resigns or is removed from acting as a personal representative of my estate.


### ARTICLE 8
### Administrative Provisions


Section 8.1 - In the administration of my estate, every personal representative may act personally or by, or in reliance upon the advice of, attorneys, accountants, investment advisors and managers, agents and other persons, organizations and entities and shall not be responsible to my estate or to any beneficiary of my estate for the acts or omissions or negligence of any thereof but shall be held only to the exercise of reasonable care in selecting, employing and retaining the same. Without limiting the generality of the first sentence of this section, I direct that while any individual is acting as a co-personal representative with any entity, such individual shall be authorized to direct my personal representative to employ any person, organization or entity to give investment advice and counsel to my personal representative, and my personal representative will employ such investment advisor and rely on such investment advisor's advice. If my personal representative shall employ an investment advisor recommended by such individual personal representative, I direct that the entity serving as a co-personal representative shall not be responsible to my estate or to any beneficiary of my estate either for the acts, omissions or negligence of such investment advisor, or for the selection, employment or retention of such investment advisor. Likewise, the individual personal representative shall not be responsible to my estate or to any beneficiary of my estate for the acts, omissions or negligence of such investment advisor, but shall be held only to the exercise of reasonable care in selecting, employing and retaining such investment advisor. Any personal representative under this will (including Tonja Carter, if she shall at any time be acting in such capacity) shall have the authority to retain for the provision of services, and to act in reliance upon the advice of, the firm or organization of attorneys of which Tonja Carter or another personal representative may from time to time be a member, partner or officer, or with which Tonja Carter or another personal representative may have or have had any professional or business connection. In the event the firm or organization with which any personal representative is affiliated is retained to provide services and/or advice to the personal representative under this will as provided in this section, I direct that such firm or organization shall be entitled to compensation or fees at its standard rates or charges for such services and advice, and such compensation or fees shall be in addition to any compensation paid to such individual for service as a personal representative under this will.


Section 8.2 - No person, organization or entity dealing with any personal representative of mine shall be under any obligation or liability to inquire into the authority of such personal representative to do any act done or sought to be done in the performance of any duty or in the exercise of any power or discretion conferred upon such personal representative; nor shall any person, organization or entity be under any obligation or liability to see to the proper application

10

or disposition by any personal representative of the purchase price or other consideration for any property or to see to the proper disposition of any money or property lent or delivered to any personal representative.

Section 8.3 - No personal representative of mine shall be required (A) to make any bond for the faithful performance of any duties conferred upon such personal representative by this will or otherwise or (B) to make or file, for or in any court, any report, inventory, appraisement, settlement or accounting.

Section 8.4 - If any person to whom any property is given or devised is at the time of the distribution of such property to him or her under any legal disability, such as minority or incompetence, according to the laws then in effect at such person's domicile, then my personal representative, in the discretion thereof, may deliver such property to such person, to the conservator of such person's property, to a custodian for the benefit of such person as may be designated by my personal representative under any applicable Uniform Transfers to Minors Act, or to some third party (including any personal representative of mine) for the benefit of such person; and the receipt of the person, organization or entity to whom such property is so delivered shall discharge my personal representative with respect to the property to which such receipt relates.

Section 8.5 - It is my desire to reduce the expenses of administration of my estate as much as possible and to provide for a consent settlement of my estate without notice or publication or posting pursuant to Section 43-2-506 of the Code of Alabama of 1975, as amended, which settlement shall be effective with respect to each legatee, distributee and devisee (hereinafter collectively referred to as "Beneficiary") under this will. Accordingly, I specifically authorize the Trustee of the 2011 Mockingbird Trust to approve a consent settlement of my estate on behalf of such Trust and all beneficiaries of such Trust; and such approval shall constitute the approval and effective consent of, and be binding on, such Trust and all beneficiaries of such Trust (whether any such beneficiary is born or unborn, is legally competent, a minor or legally incompetent, or has a present, future, vested or contingent interest in such trust), and no approvals or consents shall be required of any beneficiaries of such Trust to effectuate such consent settlement. The preceding sentence shall be applicable and effective notwithstanding that my personal representative and the trustee of such Trust are the same; provided, however, it shall not be applicable where the same entity (as opposed to an individual) is my sole personal representative and the sole trustee. I further direct that my personal representative, in a consent settlement of my estate, shall be fully discharged and relieved of any obligations and liabilities as such personal representative with respect to all Beneficiaries under this will, including the 2011 Mockingbird Trust and the beneficiaries of such Trust, and I direct that the Trustee of the 2011 Mockingbird Trust, in approving a consent settlement, shall be fully discharged and relieved of any obligations and liabilities with respect to the beneficiaries of such Trust. I have specifically included this provision in my will so that there may be a consent settlement of my estate in this manner.

11

DOCUMENT 77

## ARTICLE 9
### Definitions and Other
### Miscellaneous Provisions

Section 9.1 - Any person conceived but unborn before any time that is material under this will, and thereafter born alive and surviving for ninety (90) days, shall for all purposes of this will be deemed to have been living at that time and to have survived a person dying at that time.

Section 9.2 - If any person who might take property under this will shall not survive me by ninety (90) days, I direct that for all purposes of this will such person shall be deemed to have predeceased me.

Section 9.3 - References in this will to the "Internal Revenue Code" shall mean the Internal Revenue Code of 1986, as amended, and reference to any provision or section of that Code shall also be deemed to refer to the provision or section of the federal tax law, in effect at my death or such other applicable time, that corresponds to the provision or section referred to in this will.

Section 9.4 - The headings in this will are for convenience of reference only and shall not limit or otherwise affect any of the terms hereof. Unless otherwise specified, references in this will to articles, sections or paragraphs by their numbers, designations or location shall be deemed to designate the appropriate article, section or paragraph of this will.

## ARTICLE 10
### Contest Clause

If any individual (or entity) in any manner, directly or indirectly, contests or attacks the validity of this will, the 2011 Mockingbird Trust, or any disposition under this will or the 2011 Mockingbird Trust, by filing suit against my estate, my personal representative, the Trustee of the 2011 Mockingbird Trust, the 2011 Mockingbird Trust, any beneficiary under this will or the 2011 Mockingbird Trust, or any other person, then any share or interest of property given to such individual (or entity) under this will, outright or in trust, or any share or interest otherwise passing to such individual (or entity) from my estate, is hereby revoked and shall be disposed of in the same manner as if such individual and all of such individual's lineal descendants shall not have survived me (or such entity shall not be in existence at my death).

12

DOCUMENT 77

I, Nelle Harper Lee, the testator, sign my name to this instrument on this the 11th day of February, 2016, and being first duly sworn, do hereby declare to the undersigned authority that I sign and execute this instrument as my last will and that I sign it willingly, that I execute it as my free and voluntary act for the purposes therein expressed, and that I am eighteen years of age or older, of sound mind and under no constraint or undue influence.

_Nelle Harper Lee_
Nelle Harper Lee

We, _PAUL B. FIELDS_ and
_Cynthia McMillan_ , the witnesses, sign our names
to this instrument, being first duly sworn, and do hereby declare to the undersigned authority that the testator signs and executes this instrument as the testator's last will and that the testator signs it willingly, and that each of us, in the presence and hearing of the testator, hereby signs this will as witness to the testator's signing, and that to the best of our knowledge the testator is eighteen years of age or older, of sound mind and under no constraint or undue influence.

SIGNATURE OF WITNESS                          ADDRESS OF WITNESS

_[signature]_                                 _3815 Interstate Ct._
                                              _Montgomery AL 36109_

_Cynthia McMillan_                            _459 Burson Rd._
                                              _Frisco City, AL 36445_

GREG NORRIS, Judge of Probate, Monroe County, AL    FILED - 02/29/2016 05:13:13 PM

STATE OF ALABAMA )

COUNTY OF MONROE )

    Subscribed, sworn to and acknowledged before me by Nelle Harper Lee, the testator, and subscribed and sworn to before me by ___Paul B. Fields___ and ___Cynthia McMillan___, witnesses, this the 11th day of February, 2016.

_____
Notary Public

[NOTARIAL SEAL]

My Commission expires

SCOTT E. ADAMS
My Commission Expires
November 5, 2018

This instrument prepared by:
Scott E. Adams
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8000

14

1/2146381.5

DOCUMENT 77

| | | |
|---|---|---|
| IN THE MATTER OF | ) | **PROBATE COURT** |
| THE ESTATE OF | ) | **MONROE COUNTY, ALABAMA** |
| NELLE HARPER LEE, | ) | |
| Deceased | ) | CASE NO. __3572__ |

## DECREE ADMITTING WILL TO PROBATE
## AND GRANTING LETTERS TESTAMENTARY WITHOUT BOND

This **29ᵗʰ** day of **February**, 2016, being the date set by this Court for the hearing of the petition of Tonja B. Carter to have admitted to Probate and Record an instrument, dated February 11, 2016, which purports to be the Will of Nelle Harper Lee, deceased, notice having been accepted by decedent's heirs and next of kin all of whom are over the age of nineteen years and of sound mind, and the Court having heard the evidence that the instrument, which purports to be the Will of said decedent is the legal Will of the said decedent.

IT IS THEREFORE, ORDERED by this Court that the said instrument which purports to be the Will of the said decedent was duly and legally executed by Nelle Harper Lee; that said instrument is the legal Will of the said decedent; that the said Will is hereby admitted to Probate and Record in this Court; and that pursuant to Section 43-2-21 of the Code of Alabama (1975), as amended, and pursuant to the said Will, Letters Testamentary be granted to Tonja B. Carter as Personal Representative under said Will, without bond.

It is further ORDERED by this Court that the said Personal Representative shall have all the powers and duties provided in the Will and all the general powers authorized for transactions enumerated in Section 43-2-843 of the Code of Alabama 1975, as amended.

It is further ORDERED by the Court that the aforesaid limitations be prominently endorsed upon the face of the Letters Testamentary when issued.

It is further ORDERED that the said Personal Representative proceed without delay to collect and take possession or control of the personal property and evidences of debt of the said decedent. Ordered that said Will of the decedent, and all other proceedings in this cause be recorded in the Probate Records of Monroe County, Alabama, as provided by law, but that the Will and all documents filed in this proceeding (including this Decree) be maintained under seal in accordance with any then-effective Order requiring the same.

Done this the **29ᵗʰ** day of **February**, 2016.

_____
JUDGE OF PROBATE

1/3948780.1

FILED - 02/29/2016 05:11:05 PM
GREG NORRIS, Judge of Probate, Monroe County, AL

DOCUMENT 77

| | | |
|---|---|---|
| IN THE MATTER OF | ) | PROBATE COURT |
| THE ESTATE OF | ) | MONROE COUNTY, ALABAMA |
| NELLE HARPER LEE, | ) | |
| Deceased | ) | CASE NO. _3572_ |

## LETTERS TESTAMENTARY

The Will of Nelle Harper Lee, deceased, having been duly admitted to record in said county, Letters Testamentary are hereby granted to Tonja B. Carter, as Personal Representative of said Will, who has duly qualified in compliance with the requisites of the laws, bond having been excused, and is authorized to administer such estate in accordance with the procedures provided in Sections 43-2-830, et seq., of the Code of Alabama (1975), as amended, including the powers and duties permitted in Section 43-2-843 of the Code of Alabama (1975), as amended, without prior court order, as further modified expressly in the Will.

Witness my hand, and dated this **29**th day of _February_, 2016.

_____
JUDGE OF PROBATE

## THE STATE OF ALABAMA, MONROE COUNTY

I, the undersigned, Judge of Probate of Monroe County, Alabama, hereby certify that the foregoing is a true and correct copy of the Letters Testamentary issued in the above-styled cause as appears of record in said Court. I further certify that said Letters are in full force and effect.

Given under my hand and seal of said Court, this the _____ day of _____, 2016.

_____
JUDGE OF PROBATE
MONROE COUNTY, ALABAMA

FILED - 02/29/2016 05:13:56 PM
GREG NORRIS: Judge of Probate, Monroe County, AL