Exhibit K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RUDINPLAY, INC., :

            Plaintiff, :   Civil Action No. 18-cv-03300-AT

      -against- :   **RUDINPLAY'S FIRST SET OF REQUESTS FOR EXPEDITED PRODUCTION OF DOCUMENTS TO DEFENDANTS THE ESTATE OF NELLE HARPER LEE AND TONJA B. CARTER**

THE ESTATE OF NELLE HARPER LEE and :
TONJA B. CARTER,

            Defendants. :

------------------------------------------------------------X

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Rudinplay, Inc., by and through its counsel, Loeb & Loeb LLP, hereby request that Defendants the Estate of Nelle Harper Lee and Tonja B. Carter (together, "Defendants") produce the following documents, tangible things and electronically stored information for inspection and copying at the offices of Loeb & Loeb LLP, 345 Park Avenue, New York, New York 10154, by no later than such time as may be ordered by the Court or agreed to by the parties, in accordance with the Instructions and Definitions set forth herein.

## INSTRUCTIONS

    1.    These requests apply to all documents in your possession, custody or control, regardless of whether such documents are held by you or your affiliates, corporate parents, corporate subsidiaries, directors, officers, partners, designees, agents, managers, employees, representatives, attorneys, or any other person.

    2.    Pursuant to Federal Rule of Civil Procedure 34(b), all documents shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond to the categories in the request.

3. If any documents are produced in electronic form, or as Electronically Stored Information ("ESI"), such documents shall be produced as separate .pdf files, or as single-page .tiff files with image load files, corresponding to each individual document.

4. Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

5. If no documents exist that are responsive to a particular request, you shall state so in writing.

6. If any document or any portion of any document requested herein is withheld from production, describe the basis for withholding the document or portion thereof, including any claim of a privilege or protection, in sufficient detail to permit the Court to adjudicate the validity of your withholding the document, and identify each document so withheld by providing at least the following information:

   a. the type of document (e.g., memorandum, letter, report, etc.);

   b. the date, title and subject matter of the document;

   c. the identity, affiliation, and position of the author, the addressee(s), and all recipients of the document; and

   d. a statement of (i) the nature of the legal privilege or protection from discovery claimed and (ii) the factual basis for that claim of privilege or protection from discovery, including the facts establishing the claim of privilege or protection from discovery, the facts showing that the privilege has not been waived, and a statement as to whether the subject matter of the contents of the document is limited to legal advice or contains other subject matter.

7. If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be deleted or redacted from the document, and the deleted or redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

8. With respect to any responsive document that was formerly in your possession, custody or control and has been lost, destroyed or transferred out of your possession, custody or control, identify such document by setting forth its author(s), addressee(s), copy(s), date, title, number of pages, subject matter, nature (*e.g.*, memorandum, letter, report, etc.), actual or approximate date on which the document was lost, destroyed or transferred, and, if destroyed, the conditions of and reasons for such destruction, and the names of the person authorizing and performing the destruction, and state the name and address of each person (if any) known to have possession, custody or control of such document. The phrase "possession, custody or control" has the meaning set forth in Federal Rule of Civil Procedure 34 and should be interpreted as broadly as possible.

9. Each request herein shall be responded to fully, unless it is in good faith objected to, in which case the objection and the bases therefore shall be stated with particularity. If an objection pertains to only a portion of a request, or to a word, phrase or clause contained therein, you shall state your objection to that portion only and respond to the remainder of the request. If, in answering these document requests, you claim that any document request, or a definition or instruction applicable thereto, is vague or ambiguous, you shall not use such claim as a basis for refusing to respond. Rather, you shall set forth as a part of the response the language claimed to be vague or ambiguous and the interpretation used to respond to the individual document request.

10. These requests are to be deemed continuing in nature and you are obliged to produce responsive documents and to supplement your production whenever additional documents are located or their existence ascertained.

11. Plaintiff reserves the right to serve additional requests for the production of documents at a later time.

12. Each paragraph herein shall be construed independently and without reference to any other paragraph for the purpose of limitation.

13. The use of a verb in any tense shall be construed as the use of a verb in all other tenses wherever necessary to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

14. All uses of the singular and plural shall be construed interchangeably so as to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside their scope.

## DEFINITIONS

1. The requests set forth below incorporate the Uniform Definitions set out in Local Civil Rule 26.3 of the United States District Court for the Southern District of New York.

2. The "Action" means the above-captioned action, *Rudinplay, Inc. v. The Estate of Nelle Harper Lee, et al.*, Case No. 18 Civ. _____.

3. The "Complaint" means the Complaint filed by Rudinplay, Inc. in the Action, dated April 16, 2018.

4. "Rudinplay" means Rudinplay, Inc. and any of its agents, employees, officers, directors, representatives, parents, subsidiaries, affiliates, predecessors, successors, divisions,

partners and/or attorneys, including but not limited to Scott Rudin, individually or collectively, whether acting alone or in concert with others.

5. The "Estate," means the Estate of Nelle Harper Lee and any of its agents, employees, representatives, executors, executrixes, officers, directors, predecessors, successors, divisions, and/or attorneys, individually or collectively, whether acting alone or in concert with others.

6. "Carter" means Tonja B. Carter and any person acting or purporting to act on her behalf.

7. "Nurnberg" means Andrew Nurnberg and any person acting or purporting to act on his behalf.

8. "You" or "your" means the Estate and/or Carter.

9. "Lee" means Nelle Harper Lee and any person acting or purporting to act on her behalf.

10. The "Novel" means Lee's 1960 novel "To Kill a Mockingbird."

11. The "Rights Agreement" means the agreement regarding "'To Kill a Mockingbird' Live Stage Rights" between Rudinplay and Harper Lee dated June 29, 2015, attached as Exhibit A to the Complaint.

12. The "Script(s)" means the script, in any draft or version, of the proposed Play (as defined in the Agreement) based on the Novel, and written by Aaron Sorkin.

13. The "Will" means the "Will of Nelle Harper Lee," dated February 11, 2016, attached as Exhibit B to the Complaint.

14. The "Trust" means the "2011 Mockingbird Trust" described in the Will.

15. The "Literary Agent" means the "Literary Agent" of the Trust, as described in the Will.

16. "Literary Property" means the property defined in Section 6.2 of the Will.

17. The "Alabama Action" means the action entitled *Tonja B. Carter v. Rudinplay, Inc.*, filed on March 13, 2018, in the Southern District of Alabama, Southern Division, currently pending under Case No. 18 Civ. 00117-WS-B.

18. The "Alabama Complaints" means the Complaint filed in the Alabama Action, the Amended Complaint filed in the Alabama Action, and both of them.

## DOCUMENT REQUESTS

1. All documents and communications concerning the Rights Agreement, including, without limitation, all documents and communications concerning the meaning of paragraph 12 of the Rights Agreement, all communications referenced in the Alabama Complaints and all notes taken during all meetings or telephone calls referenced in the Alabama Complaints.

2. All documents and communications concerning the Scripts, including but not limited to all communications with Nurnberg, the Literary Agent, or any other person(s) concerning the Scripts, and/or whether the Scripts or the Play (as defined in the Agreement) derogated or departed from the spirit of the Novel, or altered the characters in the Novel.

3. All communications with the Trustee(s) or beneficiaries of the Trust, the Literary Agent, or Nurnberg concerning the Rights Agreement, the Script, communications with Rudinplay or its counsel, and/or the Alabama Action.

4. All drafts of the Will.

5. All documents and communications concerning Carter's selection or appointment as the personal representative of the Will and/or the Estate, including but not limited to all

documents and communications regarding any objection, by any person, to Carter serving as personal representative of the Will and/or the Estate.

6. All documents establishing, comprising or describing the Trust, including but not limited to all documents establishing the identities of any trustees or beneficiaries of or under the Trust, and the identity of the Literary Agent.

7. All documents reflecting or concerning the transfer of Literary Property to a limited liability company ("LLC") or other business entity as described in Article 7(14) of the Will and, for any such LLC or other business entity, all documents reflecting or concerning the existence, formation, establishment or management of such entity, including but not limited to any limited liability company agreement, or other agreement(s), governing the activities or affairs of such entity or entities.

8. All documents and communications concerning the Trust's administration of Lee's Literary Property, including, without limitation, the Novel.

9. All documents and communications concerning any grant of rights (including but not limited to options, rights of first refusal or rights of first negotiation) relating to any theatrical or stage adaptation of the Novel to any person or entity other than Rudinplay or the Dramatic Publishing Company, including, without limitation, any documents or communications concerning any agreements with Gregory Peck and/or his estate concerning a theatrical or stage adaptation of the Novel.

10. All documents and communications concerning any disputes with Gregory Peck, Gregory Peck's heirs, or Gregory Peck's estate, or any other person or entity, regarding theatrical rights to the Novel, including but not limited to all documents relating to any arbitration involving Gregory Peck, his heirs, or his estate.

Dated: April 17, 2018
      New York, New York

                    LOEB & LOEB LLP

                    By:  */s/ Jonathan Zavin*
                         Jonathan Zavin
                         Jonathan Neil Strauss
                         Sarah Schacter
                         Sara Slavin
                         345 Park Avenue
                         New York, New York 10154-1895
                         (212) 407-4000

                  *Attorneys for Plaintiff Rudinplay, Inc.*

16212265
227691-10003