UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
RUDINPLAY, INC.,

    Plaintiff,

v.

THE ESTATE OF NELLE HARPER LEE
and TONJA B. CARTER,

    Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/07/2018

No. 18-cv-03300-AT-SDA

PROTECTIVE ORDER

STEWART D. AARON, Magistrate Judge:

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

    2.    The person producing any given Discovery Material (which may include a party to this litigation or a nonparty who produces or discloses Discovery Material either voluntarily or

1

pursuant to a subpoena) may designate as Confidential only such portion of such material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies or business, commercial, financial, or personal interests.

3.   With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the Discovery Material or protected portion thereof in a manner that will not interfere with legibility or audibility.  If the Discovery Material is produced in a form not appropriate for such stamping or marking (for instance, electronic documents produced in native format), the producing person may designate it as "Confidential" by notifying the other Parties in writing at the time of production that it is Confidential.  Deposition testimony may be designated as Confidential either on the record during the deposition or within 72 hours of receipt of the final transcript.  Until the 72-hour period after receipt of the final transcript has expired, all deposition transcripts shall be treated as Confidential.  If all or any portion of a deposition transcript is designated "Confidential," any physical copy of the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter; any electronic copy of the final transcript of the designated testimony shall be saved and sent to counsel as a separate .pdf file marked "Confidential Information Governed by Protective Order" by the reporter.

4.   If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without a "Confidential"

designation should be designated as Confidential, he or she may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.  In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action and their officers, directors, employees, agents, and representatives, and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

(b) counsel retained specifically for this action or any related action or proceeding that involves overlapping issues and claims, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d) any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person

has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action;

(g) independent photocopying, graphic production services, litigation support, or computer services employed by the parties or their counsel to assist in this action;

(h) the Court and its support personnel;

(i) any mediator that the parties engage in this matter or that the Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(j) any other person whom the producing person agrees in writing may have access to such Discovery Material.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d), 5(e), or 5(i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request; provided, however, that a party will not be required to produce to opposing counsel a Non-Disclosure Agreement signed by a non-testifying or consulting expert.

7. With respect to all Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that contain, reference, quote, or otherwise disclose such Confidential Discovery Material, the Party filing such Discovery Material may request from the producing person in advance permission to file such Discovery

Material publicly regardless of its Confidential designation. In the absence of permission from the producing person, the Party shall be obligated to file a letter with the Court, pursuant to Section II(G) of the Individual Practices of Magistrate Judge Stewart D. Aaron, requesting permission to allow the filing to be made under seal or with redactions. The Party shall notify the producing person of its intent to file such a letter not less than 24 hours before the letter is filed, and, if the producing person wishes to prepare a brief statement containing case law and a factual explanation of the basis for the sealing or redaction, the Party shall attach that statement to its letter. The Party shall otherwise comply in all respects with Section II(G) of the Individual Practices of Magistrate Judge Aaron.

8. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, the parties may seek a ruling from the Court. A party's failure to assert an objection or to raise a dispute before the Court at any time prior to the trial of this action shall not be construed to be a waiver of the objection or evidence of estoppel or laches.

9. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action, the action pending in the United States District Court for the Southern District of Alabama styled *Carter v. Rudinplay, Inc.,* Case No. 18-CV-117-WS-B (the "Alabama Action"), and any related appeals and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect

or restrict the rights of any party with respect to its own documents or information produced in this action.

11.     Nothing in this Order will prevent any party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that, prior to making such disclosure, such party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

12.     Nothing contained in this Order will be construed as: (a) a waiver by a party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a waiver of any proprietary or other rights to or in any Confidential information; (d) a limitation on counsel's right to render advice to the party or parties whom counsel represents in this litigation and, in the course thereof, relying upon any Confidential information; (e) a limitation on a producing party's right to make use of its own Confidential information; or (f) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

13.     If, in connection with this litigation and despite a producing person having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or immunity, a party inadvertently discloses information subject to a claim of such privilege, protection, or immunity ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute

or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within two business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.  The receiving party may move the Court, by letter filed under seal in accordance with the procedures described above unless the Court instructs otherwise, for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall not assert as a ground for entering such an Order the fact of the inadvertent production.  The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the inadvertently Disclosed Information.

15.     This Protective Order shall survive the termination of the litigation.  Within 30 days of the later of the final disposition of this action or the Alabama Action (including all related appeals), all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or destroyed.  In either event, by the 30-day deadline, all recipients of Confidential Discovery Material must certify compliance with this provision. Notwithstanding this provision, the attorneys that the parties have specifically retained for this action may retain an archival copy of all court filings, transcripts, expert reports, legal memoranda, correspondence, emails, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

Dated: _May 7, 2018_____

_____
HON. STEWART D. AARON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
    RUDINPLAY, INC.,                       :
                                           :
        Plaintiff,                         :
                                           :
    v.                                     :     No. 18-cv-03300-AT
                                           :
    THE ESTATE OF NELLE HARPER LEE         :     NON-DISCLOSURE
    and TONJA B. CARTER,                   :        AGREEMENT
                                           :
        Defendants.                        :
-----------------------------------------------------------X
```

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than as expressly permitted by the Protective Order and other than for purposes of this litigation and that at the conclusion of the litigation I will destroy all discovery information or return it to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                    _____
                                              SIGNATURE